IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES EDWARD JONES, SR.,                                                                    PLAINTIFF
ADC #144544

v.                                            NO. 4:11CV00701 JLH-HDY

CHRIS GANN, Detective, Investigation
Unit, North Little Rock Police Department;
D. KIRBY WRIGHT, Detective, Investigation
Unit, North Little Rock Police Department;
BRANDI TURNER, Pulaski County Public
Defenders Office; and JILL KAMP, Pulaski
County Prosecuting Attorneys Office                                                          DEFENDANTS

**OPINION AND ORDER**

Charles Edward Jones, Sr., currently incarcerated at the Arkansas Department of Correction's Wrightsville Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 (docket entry #2), on September 23, 2011. Defendants are North Little Rock detectives Chris Gann and D. Kirby Wright, public defender Brandi Turner, and prosecutor Jill Kamp.

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 555, 127 S. Ct. at 1964-65 (citing 5 C. Wright

& A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Id*. at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

According to Jones's complaint, he was illegally arrested by Gann and Wright on February 21, 2008, and detained at the Pulaski County Jail.  Jones was charged with and ultimately convicted of rape.  Jones alleges that his arrest was an illegal and unreasonable seizure in violation of the Fourth Amendment, that he was denied a fair and speedy trial, and that he was denied the opportunity to confront his accusers in violation of the Sixth Amendment.

The Supreme Court has held that if a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*.  *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  A claim that Jones's Sixth Amendment speedy trial right was violated, if established, would require reversal of his conviction and would bar retrial. *See Barker v. Wingo*, 407 U.S. 514, 522, 92 S. Ct. 2182, 2188, 33 L. Ed. 2d 101 (1972) (Sixth Amendment speedy trial right may not be waived and, if violated, requires dismissal of the indictment as "the only possible remedy.").  There is no allegation that Jones's conviction has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*.  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242, 1247, 161 L. Ed. 2d 253 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial

determination that necessarily implies unlawfulness of State's custody); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner generally must fully exhaust all available state remedies before commencing a federal *habeas* action to invalidate his commitment). Therefore, Jones's claim that his right to a speedy trial was violated is barred by *Heck v. Humphrey*.

Jones has failed to allege any facts which, if true, would establish that his arrest violated the Fourth Amendment. Jones's allegation that he was "illegally seized from [his] home" is conclusory. Without more, Jones fails to state a claim for which relief may be granted. *See Twombly*, 550 U.S. at 555. Therefore, Jones's Fourth Amendment claim must be dismissed pursuant to section 1915A.

Jones's entire allegation regarding his Confrontation Clause claim is the following paragraph in his complaint:

> On April 22, 2009 the trial date of CR-2008-1753 the court's violated right to a fair trial and the right to confrontation when they allowed testimony from Dr. Faast that the allege victim in CR-2008-0891 had contracted and S.T.D. but she never gave direct testimony that petitioner was the contractor. Then the court's allowed allege victim knowing with full knowledge prosecutor and public defender that you can't cross-examine witness who don't have prior statements. The prosecutor used CR-2008-0891 to prove penetration from and S.T.D.

Jones does not allege that Dr. Faast or the alleged victim testified as to out of court statements. Rather, Jones's complaint is that Dr. Faast did *not* testify as to Jones's status as "the contractor." The Confrontation Clause applies to testimonial hearsay statements—out of court statements offered to prove the truth of the matters asserted. *United States v. Holmes*, 620 F.3d 836, 841 (8th Cir. 2010). Because a Confrontation Clause violation requires hearsay statements, and because Jones has failed to allege that Dr. Faast or the alleged victim offered any hearsay statements in their

testimony, Jones has failed to state a claim upon which relief may be granted.[1] Therefore, Jones's Confrontation Clause claim must be dismissed pursuant to section 1915A.[2]

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The complaint of Charles Edward Jones, Sr., is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 17th day of October, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] The opinion of the Arkansas Court of Appeals affirming Jones's conviction states that both the doctor and the alleged victim to whom Jones refers here testified. *Jones v. State*, 2010 Ark. App. 324, 2010 WL 1509491, *2 (Ark. Ct. App. Apr. 14, 2010).

[2] Although not couched as such, it appears that Jones is using this section 1983 civil action to make a collateral attack on his conviction, which is improper under *Heck v. Humphrey*. *Moore v. Guesno*, 485 F. Supp. 2d 300, 307 (W.D.N.Y. 2007) ("It is settled law that civil lawsuits may not be used to collaterally attack criminal convictions.").