**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CHARLES EDWARD JONES, SR.,                                                                PLAINTIFF
ADC #144544

v.                                         NO. 4:11CV00701 JLH

CHRIS GANN, Detective, Investigation
Unit, North Little Rock Police Department;
D. KIRBY WRIGHT, Detective, Investigation
Unit, North Little Rock Police Department;
BRANDI TURNER, Pulaski County Public
Defenders Office; and JILL KAMP, Pulaski
County Prosecuting Attorneys Office                                                       DEFENDANTS

**ORDER**

Charles Edward Jones, Sr., has filed an amended *pro se* complaint pursuant to 42 U.S.C. § 1983, naming as defendants North Little Rock Detectives Chris Gann and D. Kirby Wright, Public Defender Brandi Turner, and Prosecutor Jill Kamp.

According to Jones's complaint, he was illegally arrested by Gann and Wright on February 21, 2008. He alleges that he was arrested without probable cause and was detained in the Pulaski County Jail. He further alleges that the arrest warrant was invalid. For screening purposes only, the Court concludes that these allegations state a claim upon which relief can be granted, and therefore orders that summons be issued on Gann and Wright and that service of the summons and the amended complaint be accomplished by the United States Marshals Service.

In order to state a section 1983 claim, "a plaintiff must allege . . . that the defendant acted under color of state law." *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); *see also Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir.

1988). Because all of Jones's allegations against Turner relate to her performance of traditional functions as counsel for a defendant in a criminal proceeding, Turner was not acting under color of state law, so Jones's amended complaint fails to state a claim against her.

As to Kamp, all of the allegations against her relate to the performance of her duties as a prosecuting attorney. Prosecutors are entitled to absolute immunity for conduct undertaken in initiating a prosecution and representing the state in a criminal action insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (quoting *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939, 114 L. Ed. 2d 547 (1991)). Because all of the allegations against Kamp relate to her conduct as a prosecutor during the judicial phase of the criminal process, Kamp is entitled to prosecutorial immunity and Jones's claims against her must be dismissed.

## CONCLUSION

For the reasons stated, Jones's amended complaint against Brandi Turner and Jill Kamp is dismissed. For screening purposes only, the Court concludes that the amended complaint states a claim upon which relief could be granted against Chris Gann and D. Kirby Wright and therefore orders that summons be issued and that those two defendants be served with summons and the amended complaint. Because Kamp is dismissed from this action, the motion for subpoena duces tecum to her is denied as moot. Document #13.

IT IS SO ORDERED this 28th day of November, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE