**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| CHARLES EDWARD JONES, SR., ADC # 144544 | PLAINTIFF |
| v.   No. 4:11CV00701 JLH | |
| CHRIS GANN, Detective, Investigation Unit, North Little Rock Police Department; and D. KIRBY WRIGHT, Detective, Investigation Unit, North Little Rock Police Department | DEFENDANTS |

**OPINION AND ORDER**

On September 23, 2011, Charles Edward Jones, Sr., initiated this action against a number of defendants, pursuant to 42 U.S.C. § 1983, alleging various constitutional violations. In accordance with the screening procedure in 28 U.S.C. § 1915A, the Court dismissed the complaint without prejudice. Subsequently, the Court reopened the case and granted Jones' motion to file an amended complaint. Pursuant to section 1915A, the Court dismissed all defendants named in the amended complaint except for North Little Rock Detectives Chris Gann and D. Kirby Wright. Gann and Wright have now filed this motion to dismiss.

According to Jones' complaint, he was illegally arrested by Gann and Wright on February 21, 2008. He alleges that he was arrested without probable cause and was detained in the Pulaski County Jail. He further alleges that the arrest warrant was invalid. Jones avers that he was brought before a state court and was charged with four counts of rape on April 1, 2008. Charges were filed in two separate cases. The prosecutor took one of those cases to trial, and the jury found Jones guilty. After the conviction was affirmed on appeal, the prosecutor dismissed the charges in the other case.

The defendants contend that Jones' claims are barred by the statute of limitations. The parties agree that the statute of limitations for an action pursuant to section 1983 is the state statute of limitations for personal injury torts. *See Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007). In Arkansas, the limitation period for a section 1983 claim is three years. *See Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir. 1991) (citing Ark. Code Ann. § 16-56-105). Although state law determines the limitations period, the accrual date of a section 1983 cause of action is a question of federal law. *Wallace*, 549 U.S. at 388, 127 S. Ct. at 1095. Under federal law, a cause of action accrues when the plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998); *see also Wallace*, 549 U.S. at 388, 127 S. Ct. at 1095 (when "the plaintiff can file suit and obtain relief[.]").

In the instant case, Jones' arrest occurred on February 21, 2008. Therefore, his false arrest claim would have accrued on that date. However, Jones also alleges that his detention was unconstitutional. Generally, a claim of false imprisonment only accrues once the victim is released. *Wallace*, 549 U.S. at 389, 127 S. Ct. at 1095-96. Nevertheless, "[r]eflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* According to Jones' amended complaint, he was "bound over to Circuit Court" and charged with four counts of rape on April 1, 2008. Therefore, Jones' false imprisonment claim accrued, at the very latest, on April 1, 2008. Jones did not file his initial complaint until September 23, 2011, which was more than three years after either of the above dates.

Jones argues that his section 1983 claims should be tolled until his rape trial was entirely concluded. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). *Heck* does not apply here because, an illegal arrest is not a bar to a subsequent prosecution nor a defense to a valid conviction. *United States v. Crews*, 445 U.S. 463, 474, 100 S. Ct. 1244, 1251, 63 L. Ed. 2d 537 (1980). Were Jones to prove that he was arrested illegally, a judgment in his favor would not demonstrate the invalidity of any of his rape convictions. *See Heck*, 512 U.S. at 487, 114 S. Ct. at 2372-73.

Jones also contends that the limitations period should be tolled because his incarceration constitutes a disability that interfered with his ability to bring suit.[1] Although a cause of action's accrual date is determined by reference to federal law as stated above, the issue of tolling is decided by reference to state law. *See Hardin v. Straub*, 490 U.S. 536, 539, 109 S. Ct. 1998, 2000-01, 104 L. Ed. 2d 582 (1989); *Board of Regents v. Tomanio*, 446 U.S. 478, 483-86, 100 S. Ct. 1790, 1794-96, 64 L. Ed. 2d 440 (1980); *see also Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). At one time Arkansas law provided disability tolling for those incarcerated outside of the state, *see Camp v. Dailey*, 29 F.3d 627 (8th Cir. 1994) (per curiam) (citing Ark. Code Ann. § 16-56-116 (Michie 1987)), but the statute was amended in 1999 to remove that provision. *See* Ark. Code Ann. § 16-56-116 (Repl. 2005) and 1999 Ark. Acts 18, § 1. Regardless, because Jones states in his amended complaint that he is incarcerated within Arkansas, he is not entitled to disability tolling.

Finally, Jones' contention that the statute of limitations defense is barred because the Court did not mention it when screening both of his complaints is without merit because the statute of

---

[1] Jones filed the instant action while still a prisoner.

limitations is an affirmative defense. *See*, *e.g.*, *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103-04 (8th Cir. 2002). Jones' section 1983 claims against Gann and Wright are barred by the applicable statute of limitations and must be dismissed with prejudice.

The parties also disagree about whether Jones' malicious prosecution claim is barred by the statute of limitations.[2] Malicious prosecution by itself is not a constitutional injury and is not punishable under section 1983. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (citing *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990)). Therefore, if Jones has a claim for malicious prosecution against Gann and Wright, it is a state law claim. Because Jones' section 1983 claims will be dismissed, the Court declines to exercise supplemental jurisdiction over Jones' state law claim for malicious prosecution. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED.[3] Document #17. It is ORDERED that:

1. Jones' claims that arise under federal law are dismissed with prejudice;

2. Jones' claims, if any, that arise under the laws of the State of Arkansas are dismissed without prejudice;

3. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g); and

---

[2] It is not clear that Jones states a malicious prosecution claim against Gann and Wright in his amended complaint. Nevertheless, the defendants concede in their briefs that Jones has alleged such a claim.

[3] Document #21, filed by Jones, is entitled, "Brief for Motion for Summary Judgment"—but appears in substance to be a responsive pleading to the defendants' motion to dismiss. To the extent Jones' filing could be construed as a motion for summary judgment, it is dismissed as moot in light of the Court's instant ruling in favor of the defendants.

4.      The Court certifies that an *in forma pauperis* appeal from the order and judgment dismissing this action would be frivolous and not in good faith.

IT IS SO ORDERED this 11th day of January, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE